■ JOHN GARDNER et al., Respondents, v SLATTERY-ARGRETT, a Joint Venture, et al., Appellants, et al., Defendants, et al., Third-Party Plaintiff, et al., Third-Party Defendant.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered April 17, 1991, which granted appellants' motion for reargument and, upon reargument, adhered to its previous order, entered March 11, 1991, denying defendants-appellants' motion to depose a non-party witness, unanimously modified, on the law, the facts and in the exercise of discretion, to grant the motion for deposition of the non-party witness, to be taken in the State of Florida, and otherwise affirmed, without costs;

and appeal from order, Supreme Court, New York County (Karla Moskowitz, J.), entered March 11, 1991, is dismissed as superseded by the order of April 17, 1991, without costs.

In this action to recover damages for personal injuries allegedly sustained by plaintiff John Gardner while working at a construction site in October 1984, and for derivative claims by his wife, plaintiff Yolanda Gardner, defendants-appellants sought to depose Mr. Gardner's brother, Stanley Gardner. The deposition of this non-party witness, who resides in the State of Florida, was sought with regard to a March 5, 1990 incident in which he was allegedly beaten by John Gardner with a wooden $2 \times 4$. A New York physician has submitted an affidavit stating that he has treated Stanley Gardner since 1973 for cervical spondylosis, a "severe, degenerative and painful arthritis of the neck", as well as other medical conditions, and indicating that a trip to New York "is likely to aggravate his physical condition and cause him further intense pain and suffering."

In light of plaintiffs' claim that the 1984 accident rendered John Gardner totally and permanently disabled, we find that the testimony of Stanley Gardner is material and necessary, and may be taken pursuant to CPLR 3101 (a) (3), which provides as follows:

"There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by * * *

"a person about to depart from the state, or without the state, or residing at greater distance from the place of trial than one hundred miles".

We caution, however, that the deposition should be limited to matters concerning the physical condition of John Gardner, and that this determination is not to be construed as an invitation to the wholesale admission at trial of what defendants-appellants have themselves termed the "gruesome facts" of the alleged assault and any photographic evidence thereof. In addition, we hold that plaintiffs may not be excluded from this proceeding. Concur—Murphy, P. J., Sullivan, Kassal and Smith, JJ.