■ PATRICIA WAGENHALS, Individually and as Administratrix of the Estate of FREDERICK C. WAGENHALS, Deceased, Appellant, v WORTHINGTON CORPORATION et al., Respondents, et al., Defendant. PATRICIA WAGENHALS, Individually and as Administratrix of the Estate of FREDERICK C. WAGENHALS, Deceased, Respondent, v WORTHINGTON CORPORATION et al., Defendants, and MANNESMANN DEMAG CORPORATION, Appellant.—Order, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered May 22, 1991, which, inter alia, denied plaintiff's motion for further discovery and denied defendant Mannesmann Demag Corporation's (MDC) cross-motion for summary judgment, modified on the law, the facts, and in the exercise of discretion, to the extent of permitting plaintiff to depose expeditiously the two representatives of Worthington Corporation, Tad Tokarcyzk and John Augures, on the condition that plaintiff pay the entire cost of the depositions, and the order is otherwise affirmed, without costs.

In light of the liberal policy favoring full disclosure (see, Gardner v Slattery-Argrett, 176 AD2d 515), we find that plaintiff has sufficiently demonstrated the need to depose the two representatives of Worthington Corporation, Tad Tokarcyzk and John Augures. However, the costs of conducting the depositions are to be paid by plaintiff.

Defendant MDC's cross-motion for summary judgment was properly denied, the record revealing several unresolved factual issues, including whether MDC's nitrogen compressor played a role in the occurrence of the accident. Concur—Wallach, J. P., Kassal and Rubin, JJ.

Kupferman, J., dissents and would affirm for the reasons stated by Ciparick, J.